Filed 2/11/16  P. v. Stanfill CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064275 |
| v. | (Super.Ct.No. RIF1403392) |
| RYAN ADAM STANFILL, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Ryan Adam Stanfill, filed a petition for resentencing pursuant to Penal Code section 1170.18,[1] which the court denied.  After defendant filed a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying one potentially arguable issue: whether the court erred in denying defendant's petition. We affirm.

## I. PROCEDURAL STATEMENT

On April 8, 2014, the People charged defendant by felony complaint with the unlawful possession of a forged identification card. (§ 470b.) The People additionally alleged defendant's commission of the offense constituted a violation of the terms of his probation in another case. (§ 1203.2, subd. (b).)

On August 7, 2014, defendant pled guilty to the offense.[2] Defendant admitted on the record that on February 11, 2014, he "willfully and unlawfully possessed or displayed or caused or permitted to be displayed an altered or forged or reproduced driver's license or identification card issued by a governmental agency, with the intent that that driver's license and identification be used to facilitate a . . . forgery[.]" On August 15, 2014, pursuant to the terms of the plea agreement, the court sentenced defendant to the midterm of two years' incarceration, one year of which would be suspended pursuant to section 1170, subdivision (h)(5).

On December 18, 2014, defendant filed a petition for resentencing pursuant to section 1170.18. In the People's response dated February 25, 2015,[3] the People

---

[2] Defendant simultaneously pled guilty to commercial burglary in another case.

[3] The response does not appear to have been filed until July 1, 2015.

contended defendant was ineligible for resentencing pursuant to section 1170.18. On July 1, 2015, the court denied defendant's petition finding defendant ineligible for resentencing because his offense was not a qualifying felony.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

HOLLENHORST
            Acting P. J.

MILLER
            J.

3